**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JACOB DAGIT,

               Plaintiff,

     v.

R.A. AYALA, #19896, NEBOJSA
DJURDJEVIC, #9338, SUPERINTENDENT
DAVID BROWN, CITY OF CHICAGO,

               Defendants.

Case No. 1:23-cv-02238

Judge Mary T. Rowland
Magistrate Judge Jeffrey T. Gilbert

**PLAINTIFF'S RESPONSE TO DEFENDANTS' COMBINED
MOTION TO BIFURCATE AND STAY DISCOVERY AND TRIAL
ON PLAINTIFF'S 42 U.S.C. § 1983 *MONELL* CLAIM**

**INTRODUCTION**

Defendants face no burden from proceeding with *Monell* discovery in this case because they have already been ordered to participate in the same *Monell* discovery in two other cases. For this reason and others, this Court should deny their motion to bifurcate and stay *Monell* discovery.

This case—which involves a plaintiff whose civil rights were violated by Chicago Police Department (CPD) officers during a Black Lives Matter protest in the summer of 2020—was originally filed as part of *Protesters in Support of Black Lives v. City of Chicago*, No. 1:20-cv-6851, which involved 60 plaintiffs and multiple protests. That case was severed into fifteen cases ("the severed cases"), including this matter. All of the severed cases contain essentially identical *Monell* claims alleging that the plaintiff's injuries were caused by the City of Chicago's unconstitutional policies and practices.

In two of the severed cases, the City filed motions to bifurcate that were substantially similar to the instant motion. *Reichold v. Condreva*, No. 1:23-cv-2251, Dkt. 41; *Betzel v. Gallegos*, No. 1:23-cv-2233, Dkt. 43. On January 10, 2024, Judge Johnson Coleman denied the motions, ordering that *Monell* discovery would proceed. *Reichold*, No. 1:23-cv-2251, Dkt. 44; *Betzel*, No. 1:23-cv-2233, Dkt. 46; *see also* Ex. A, Tr. of Jan. 10, 2024 Motion Hearing. Despite those decisions, which mean that *Monell* discovery is already proceeding against the City on substantially identical *Monell* issues, Defendants filed this motion to bifurcate and failed to even mention Judge Johnson Coleman's ruling, let alone explain how they face any burden whatsoever by producing discovery in this case that they are already required to produce in a related case. Dkt. 32, Defs' Mot. to Bifurcate. Defendants' motion also fails to apprise the Court that they refused to enter into an agreement, proposed by counsel for the severed plaintiffs, to coordinate and share discovery across the multiple severed cases. Instead, Defendants have insisted on filing successive motions, such as this one, seeking to stay discovery even while the same discovery is already proceeding in other severed cases. Defendants' motion is an inefficient use of the time and resources of the parties and this Court and should be denied.

Putting aside the complete lack of burden Defendants face, their motion should still be denied because experience has shown that bifurcation in a case such as this one is unfair to Plaintiff, expensive, and inefficient, and ultimately provides no benefit to the litigation. Instead, in this case, bifurcation would deprive Plaintiff of a viable and independent theory of liability, create serial disputes about what is and is not "Monell discovery," and thwart the purpose of Rule 42.

## LEGAL STANDARD

Bifurcation should only be granted "for convenience, to avoid prejudice, or to expedite and economize" the matter before the court. FED. R. CIV. P. 42(b). District courts have

considerable discretion in ruling on a motion to bifurcate *Monell* claims. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000); *Martinez v. Cook County*, 2011 WL 4686438, at *1 (N.D. Ill. Oct. 4, 2011). However, Rule 42(b) makes clear that the presumption is strongly against bifurcation: "[T]he unitary resolution of lawsuits is to be sought. A single trial on the merits of all the contested issues and claims of the parties is preferable to their piecemeal adjudication." *Terrell v. Childers*, 1996 WL 385310, at *14 (N.D. Ill. July 3, 1996). In recent years, courts have increasingly recognized that "[T]he weight of authority holds that bifurcation is now heavily disfavored." *Bouto v. Guevara*, 2020 WL 956294, at *1 (N.D. Ill. Feb. 27, 2020); *Awalt v. Marketti*, 2012 WL 1161500, at *10 n. 2 (N.D. Ill. April 9, 2012). The moving party "has the burden of showing that judicial economy would be served and the balance of potential prejudice weighs in favor of bifurcation." *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 431 F. Supp. 2d 834, 837 (N.D. Ill. 2006).

## ARGUMENT

### I. Defendants face no possible burden from proceeding with *Monell* discovery in this case

Defendants do not face any burden from proceeding with Monell discovery in this case because Judge Johnson Coleman has already ordered that discovery on an essentially identical Monell claim will proceed in Reichold and Betzel. See *Cruz v. Guevara*, 2023 WL 8934940, at *4, 14, 16 (N.D. Ill. Dec. 27, 2023) (denying bifurcation motion where defendants faced no burden from Monell discovery "given that the City already is undertaking to provide substantial *Monell* discovery in like cases"); *Maysonet v. Guevara*, 2020 WL 3100840, at *3 (N.D. Ill. June 11, 2020) (denying bifurcation where City's burden was mitigated because similar Monell materials had been or would be produced in other cases). In light of these circumstances,

Defendants' motion—which is largely predicated on the premise that Monell discovery will be
time-consuming and expensive, Dkt. 32 at 4–5, 9–12—is completely without merit.

In light of these circumstances, Defendants' motion—which is largely predicated on the
premise that *Monell* discovery will be time-consuming and expensive, Dkt. 32 at 4–5, 9–12—is
utterly baffling. Defendants fail to even acknowledge Judge Johnson Coleman's ruling, let alone
grapple with its ramifications, and instead have submitted what appears to be the City's stock
bifurcation motion that courts in this district have repeatedly rejected. *See, e.g. Cruz*, 2023 WL
8934940, at *16; *Estate of Loury by Hudson v. City of Chicago*, 2020 WL 1491141 at *1 (N.D.
Ill. Mar. 27, 2020); *Giles v. Ludwig*, 2013 WL 6512683, at *1 (N.D. Ill. Dec. 6, 2013). By
declining to even attempt to explain why *Monell* discovery would be burdensome under the
actual circumstances of this case, Defendants have failed to carry their burden of demonstrating
that the "heavily disfavored" remedy of bifurcation is warranted. *See Awalt*, 2012 WL 1161500,
at *10 n. 2. To the extent Defendants may attempt to advance such an argument for the first time
on reply, that argument would be waived. *See Brian J. v. Saul*, 438 F. Supp. 3d 903, 911 (N.D.
Ill. 2020).

Furthermore, Defendants' protestations that bifurcation is the only way to avoid the time
and expense of *Monell* discovery ring hollow because Plaintiff has proposed an agreement that
would wholly obviate Defendants' burden in this case. On January 15, 2024, Plaintiff's counsel
offered to enter into a stipulation in which the parties would agree to conduct *Monell* discovery
in one of the severed cases and use that evidence in each of the other pending cases. Ex. B,
Correspondence on Proposed *Monell* Stipulation, at 1–2. If Defendants agreed to Plaintiff's
proposal, Defendants' burden in this case would be entirely eliminated—they would be relieved
of even the minimal burden of re-Bates stamping and producing the materials that they are

already required to produce. Nevertheless, counsel for the City rejected Plaintiff's proposal. Id. at 6–7. Given the City's outright rejection of a stipulation that would render their Monell-related burden in this case nonexistent, Defendants' representations that their primary concerns are avoiding unnecessary labor and expense strain credulity.

Because Defendants face no burden from proceeding with *Monell* discovery, this Court should deny the motion to bifurcate.

## II. While Defendants face no prejudice, bifurcation would cause Plaintiff significant prejudice

In addition to the lack of burden to Defendants, the balance of prejudices weighs decisively in favor of denying bifurcation. Defendants argue that bifurcating trial is necessary because trying the individual and *Monell* claims together risks prejudicing both the individual and *Monell* Defendants. Dkt. 32 at 12–15. As an initial matter, as Judge Johnson Coleman recognized, Ex. A at 4, 8, deciding to bifurcate trial at this stage of the proceedings, when the parties are still in the early stages of discovery, would be premature. *See Cruz*, 2023 WL 8934940, at *3 (noting that a decision to bifurcate trial would be premature "with discovery not yet having begun in earnest"); *Cadle v. City of Chicago*, 2015 WL 6742070, at *3 (N.D. Ill. Nov. 2, 2015) (noting, in denying bifurcation of Monell claim, that "concerns about potential for prejudice *at trial* are premature" at the discovery stage) (emphasis in original). More importantly, courts in this district have repeatedly recognized that any risk of prejudice from trying individual and *Monell* claims together can be mitigated through limiting instructions. *See Giles*, 2013 WL 6512683, at *2; *Loury*, 2020 WL 1491141 at *2; *Gibson v. City of Chicago*, 2021 WL 2127182, at *2 (N.D. Ill. Apr. 6, 2021); *Marshbanks v. City of Calumet City*, 2015 WL 1234930, at *5 (N.D. Ill. Mar. 16, 2015).

Defendants also argue briefly that proceeding with *Monell* discovery before the court rules on their pending motion to dismiss the *Monell* claim would prejudice them. Dkt. 32 at 14. The mere filing of a motion to dismiss, however, does not require that discovery cease. *See SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 n.11 (7th Cir. 1988); *Harper v. Cent. Wire, Inc.*, 2020 WL 5230746, at *1 (N.D. Ill. Sept. 2, 2020). To the contrary, a stay is warranted during the pendency of a motion to dismiss only when the movant demonstrates "good cause" to believe the stay is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). As explained above, proceeding with *Monell* discovery in this case will not cause Defendants any burden, let alone an undue one, nor do any of the other bases for a stay apply. Because Defendants will not be prejudiced in the absence of a stay, Defendants have not established the requisite good cause.

Next, Defendants argue that bifurcation is warranted because, in their view, some of Plaintiff's *Monell* requests are not relevant to Plaintiff's claims in this case. Dkt. 32 at 9–10. But even assuming arguendo that Defendants' objections have merit, they do not justify the drastic remedy of bifurcating the entire case. Defendants can easily raise their objections as to the scope and relevancy of particular discovery requests through routine objections under Federal Rules of Civil Procedure 33 and 34. *See Cruz*, 2023 WL 8934940, at *4, 12 (denying bifurcation because any unfair prejudice from *Monell* discovery can be managed through enforcing Rule 26(b)(1)'s proportionality and relevancy requirements); *Cadiz v. Kruger*, 2007 WL 4293976, at *3 (N.D. Ill. Nov. 29, 2007) (denying bifurcation because "[t]o the extent that plaintiff's *Monell* discovery requests are overly broad or would impose undue burden and expense, the Court can and will tailor them as necessary."). Therefore, Defendants' misplaced relevance arguments do not demonstrate that they will suffer any prejudice in the absence of bifurcation.

Plaintiff, on the other hand, would face considerable prejudice if the case is bifurcated. Rather than promoting judicial economy, bifurcating this case will cause confusion and delay. Plaintiff's individual and *Monell* claims substantially overlap and much of the evidence sought through the course of discovery will be relevant to both claims. *See Maysonet*, 2020 WL 3100840, at *3 (denying bifurcation where "much of the evidence required to litigate the individual claims will be relevant to the *Monell* claim and *vice a versa*, such that bifurcation could result in two rounds of depositions and document production"); *Marshbanks*, 2015 WL 1234930, at *5 (finding a municipality's "judicial economy argument [was] not persuasive because under the circumstances, bifurcation would result in two trials that would most likely involve many of the same witnesses and evidence"). For example, Plaintiff's requests for the individual officers' personnel files and disciplinary histories, would clearly be relevant to the individual claims against those officers, if, for example, the officers' disciplinary records contain 404(b) evidence. *Cf.* Dkt. 32-3, Ex. C to Defs' Mot. to Bifurcate ¶¶ 4, 5 (Plaintiffs' Requests for Production in *Angers v. Chavez*, No. 23-cv-2238 (N.D. Ill.). But those files would also be relevant to Plaintiff's *Monell* claims by, for example, providing support for Plaintiff's claims that his injuries were caused by the City's patterns and practices of failing to adequately train and discipline its officers. Other requests that would be relevant to both claims are numerous, including Plaintiff's requests for documents related to officers' training on protest and First Amendment activity, and all of the Tactical Response Reports completed in response to the demonstration. *Id.* ¶¶ 12, 14. Instead of streamlining discovery, then, bifurcation would create discovery disputes about which discovery requests pertain to which claims. *See Cadle*, 2015 WL 6742070, at *2 (noting that bifurcation often creates discovery disputes about which claims a request pertains to). When discovery overlaps, bifurcation results in "additional complexity and

confusion over what discovery can proceed." *Love v. City of Chicago*, 363 F. Supp. 3d 867, 875 (N.D. Ill. 2019).

Defendants argue that Plaintiff will face no prejudice from bifurcating the *Monell* claims because they have offered a "Consent to Entry of Judgment" in which they agree to pay compensatory damages if any individual officer is found liable, and thus, in their view, discovery and trial on the *Monell* claim is unnecessary. Dkt. 32 at 2–3, 5, 9, 15. Defendants' offer is not well taken. It is axiomatic that the plaintiff is the "master of [the] complaint." *Awalt*, 2012 WL 1161500, at *10; *Cruz*, 2023 WL 8934940, at *14–16 (denying bifurcation in part because granting a stay would infringe on plaintiff's right to be the "master of his complaint"). Plaintiff intentionally brought his lawsuit not only against the individual Defendant Officers, but also against the City of Chicago to hold it accountable for its unlawful, systematic, and historic failures to respect the constitutional rights of protesters. Courts in this district have repeatedly recognized that *Monell* claims are often aimed at changing systems and deterring municipalities from engaging in future harm—and not merely focused on money damages. *Rodriguez v. City of Chicago*, 429 F. Supp. 3d 537, 541–42 (N.D. Ill. 2019) ("Numerous courts have recognized the importance of weighing such non-monetary considerations in the bifurcation analysis.") (collecting cases); *Bouto*, 2020 WL 956294, at *3 ("If Plaintiff is successful in his *Monell* claims, it may spur institutional changes in the City's policies and procedures, which has significant interest to Plaintiff."); *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 896 (N.D. Ill. 2000) (explaining that "a judgment against a police officer (even one paid for by the municipality) may be less likely to prompt the municipality to act to prevent future violations than a judgment naming the municipality itself as responsible based on its policies and customs"); *Giles*, 2013 WL 6512683, at *3 (noting that "mere monetary compensation for

constitutional injuries may not have the same deterrent effect as a judgment naming the municipality as responsible based on its policies and customs"); *Cruz*, 2023 WL 8934940, at *7– 9 (rejecting defendants' proposed consent judgment and denying bifurcation because plaintiff's litigation goals of achieving systemic change were not "so negligible that they must be sacrificed at the altar of judicial economy"). Plaintiff would therefore be greatly prejudiced by being denied the opportunity to pursue his important non-monetary goals.[1]

Because Plaintiff will be significantly prejudiced by bifurcation and Defendants have not demonstrated that they will be prejudiced at all, this Court should deny the motion.

### III. Bifurcation will not promote judicial economy because *Monell* litigation will be necessary even if the Defendant Officers are found not liable

Finally, this Court should deny the Defendants' motion because it is based on the faulty premise that Plaintiff must prevail against the individual officers in order to establish *Monell* liability. Dkt. 32 at 5–9. The "actual rule" in this Circuit is that "a municipality can be held liable under *Monell*, even when its officers are not, unless such a finding would create an *inconsistent* verdict." *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 305 (7th Cir. 2009) (emphasis in original); *see also Swanigan v. Chicago*, 775 F.3d 953, 962 (7th Cir. 2015) ("In some civil-rights

---

[1] The proposed consent to judgment contains a provision explicitly denying culpability, denying that the City has any policies, practices or customs that cause constitutional violations, and otherwise denying all of Plaintiff's core *Monell* allegations. *See* Dkt. 32-1 ¶ 3. "[C]ourts in this district have taken issue with similar consents as offering little, if any, deterrent effect where, as here, the proposed consent expressly denies any wrongdoing on the part of the City." *Rodriguez*, 429 F. Supp. 3d at 541 (N.D. Ill. 2019).

In addition to requiring Plaintiff to abandon his attempt to achieve systemic reform and deterrence of future misconduct, the City's proposed "consent to judgment" offers Plaintiff little benefit. The proposal stipulates that the City will pay the judgment if any of the individual officers are found liable, which the City is already required to do under 735 ILCS 10/9-102. *See Giles*, 2013 WL 6512683, at *3 (noting the City's proposal "offer[ed] little benefit" to the plaintiff). The consent would only be relevant if indemnification were disputed, *see Cruz*, 2023 WL 8934940, at *4, and there is no basis for the City to dispute indemnification here.

cases, however, a verdict in favor of individual defendants would not necessarily be inconsistent with a plaintiff's verdict on a factually distinct *Monell* claim."). The City acknowledges that rule but then fails to apply it faithfully here. There are a number of ways in which the City could be liable where an individual officer is not. Most obviously, as Defendants recognize, Plaintiff's complaint includes allegations of wrongdoing against the individual Defendant Officers as well as unidentified officers and officers who are designated by photograph but not by name. Dkt. 32 at 1; Dkt. 26, Am. Compl. ¶ 48–49, 169. A jury could conclude that all of the named officers' uses of force were justified but that a John Doe officer's was not. Under those circumstances, the City could be held liable under a *Monell* theory for the unidentified officers' wrongdoing without creating an inconsistent verdict. *See Cage v. City of Chicago*, 2010 WL 3613981, at *2 (N.D. Ill. Sept. 8, 2010). Because the City cannot escape *Monell* liability even if Plaintiff fails to establish individual liability, bifurcation will not promote judicial economy and the motion should be denied. *See Cruz*, 2023 WL 8934940, at *11 (concluding that because a jury could find municipal liability even if the individual defendants prevailed, "bifurcation weighs against the interests of judicial economy").

## CONCLUSION

For the reasons explained above, the extraordinary relief Defendants seek is not appropriate in this case. This Court should deny Defendants' motion.

10

Dated: April 1, 2024
                              Respectfully submitted,

                              /s/ Jonathan Manes
                              Jonathan Manes
                              MacArthur Justice Center
                              160 E. Grand Ave, 6th Fl.
                              Chicago, IL 60611
                              312-503-0012

                              /s/ Sheila A. Bedi
                              Sheila A. Bedi
                              Community Justice and Civil Rights Clinic
                              Northwestern Pritzker School of Law
                              375 East Chicago Avenue
                              Chicago, IL 60611-3609
                              312-503-8576

                              /s/Nora Snyder
                              Nora Snyder
                              Brad J. Thomson, Janine Hoft,
                              Ben H. Elson, Jan Susler,
                              Hakeem Muhammad
                              People's Law Office
                              1180 N. Milwaukee Ave.
                              Chicago, IL 60642
                              773-235-0070

                              ***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on April 1, 2024, the foregoing document and the attached Exhibits A and B were electronically served on all counsel who have filed appearances in this case via the Court's CM/ECF system.


/s/ Jonathan Manes